UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANTONIO D. HALL | CIVIL ACTION NO. 12-cv-3037 |
| VERSUS | JUDGE HICKS |
| N. BURL CAIN | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

A Bossier Parish jury convicted Petitioner of the second-degree murder of his cousin, and Petitioner received a mandatory life sentence. The conviction was affirmed on appeal. State v. Hall, 4 So.3d 295 (La. App. 2d Cir. 2009), writ denied, 23 So.3d 911 (La.). Petitioner then made some post-conviction filings in state court. He next filed a pro se petition for habeas corpus relief in this court and raised four issues. Counsel then enrolled for Petitioner and filed a supplemental petition that asserted a fifth issue. For the reasons that follow, it is recommended that the petition be denied.

**Background Facts**

The sole issue raised on direct appeal was the sufficiency of the evidence, an issue that Petitioner does not pursue in his federal habeas petition. The facts set forth in the state court's opinion indicate that Petitioner was at his cousin's home when two other men arrived to buy drugs from the cousin. According to those two men, Petitioner told them they should leave after the drug purchase was made, but then he confronted them with a handgun and told

them they were not leaving. Petitioner told them that they were going to watch him kill his cousin, and then they could kill him. The men protested, and there was about a 30-minute scene in the living room of the home where Petitioner held the men while armed with a pistol and a SKS rifle, while airing grievances about his life and his cousin.

The cousin got on his knees and began to pray. Petitioner told him not to bother, and he fired the first shot soon afterward. The two visitors ran for the front door and managed to escape. They heard more shots fired. The victim was later found in the yard with one bullet wound that passed through his stomach and chest, and another that caused extensive injury to the brain. Witnesses saw someone leave the scene in the victim's car.

Police found the car at a Shreveport apartment complex where Petitioner's girlfriend lived. The police talked to her, and she discovered that her SKS rifle was missing from a closet. She told police the next day that Petitioner had returned the rifle. Testing connected the rifle to four fired cases recovered at the scene. A .32 caliber pistol was found on a couch in the victim's house, and it appeared to have fired two cases recovered at the crime scene. The victim's blood was found on Petitioner's shoes. The jury found this evidence sufficient to find Petitioner guilty of second degree murder despite his defense of drug intoxication.

**Exhaustion of State Court Remedies**

An application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The requirement is designed to give the state courts a first opportunity to correct alleged violations of federal rights. Baldwin v. Reese, 124 S.Ct. 1347, 1349 (2004).

To satisfy it, a prisoner must fairly present his federal claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting the state courts to the federal nature of the claim. Id; O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1732 (1999). The presentation of the claim may be made either on direct appeal or through a post-conviction application. Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995).

Petitioner's original petition with this court raised the following issues: (1) unconstitutional sentence because indictment not returned in open court, (2) "erroneous interpretation" of the indictment, minutes, etc., (3) gross departure from proper judicial procedure, and (4) the limitations for institution of prosecution had expired. The supplemental petition later filed by counsel raised an additional claim that the state court violated due process and the confrontation clause when it ruled on Petitioner's competency based on written reports from two physicians rather than conducting a live contradictory hearing in accordance with La. C. Cr. P. art. 642.

Soon after the original petition was filed, the court issued an order (Doc. 5) that directed Petitioner to submit evidence of timeliness and exhaustion of his state court remedies. The order outlined the applicable law and directed Petitioner to submit a copy of the legal memoranda he filed in the state courts.

Petitioner filed a response (Doc. 6) that represented he filed a post-conviction application on August 23, 2010 that was titled Motion to Correct an Illegal Sentence. Petitioner did not attach a copy of that motion, but he did attach a ruling from the trial court dated August 26, 2010. The ruling reflects that Petitioner asked that his sentence be vacated

because the court minutes did not reflect the return of a grand jury indictment in open court. The ruling pointed out that Petitioner was convicted pursuant to an amended bill of indictment, which minutes indicated was presented in open court on February 12, 2008. The life sentence was the mandatory sentence for second-degree murder. The motion was denied.

Petitioner asserted that he also pursued post-conviction relief before the state appellate court and Supreme Court. He did not submit copies of his applications to those courts, but he did submit their rulings. The appellate court noted that the motion was captioned as a motion to correct an illegal sentence, but it would be treated as a post-conviction application based on its substance. The court found that Petitioner failed to meet his burden of showing entitlement to relief. "Particularly, the applicant has failed to prove that his indictment was not presented in open court before the grand jury." The Supreme Court of Louisiana denied writs without comment on November 4, 2011. Petitioner later filed a petition for writ of certiorari in the United States Supreme Court. The petition was denied on October 1, 2012. Hall v. Louisiana, 133 S.Ct. 347 (2012).

There is no additional evidence relevant to exhaustion, either from counsel for Petitioner or the State. Counsel's supplemental memorandum does not include any exhibits, facts, or argument to suggest that the supplemental claim or any of the original claims were properly presented to all levels of the state courts as required to exhaust state court remedies. The State was directed to file a copy of the entire state court record, but the record it submitted does not appear to include any of the post-conviction proceedings.

Petitioner's direct appeal raised the single issue of sufficiency of the evidence. The only evidence of any post-conviction filing is that Petitioner argued that his sentence was somehow unlawful because his indictment was not presented in accordance with state procedural law. This arguably exhausted one of Petitioner's five habeas claims, but there is no evidence the others were exhausted in the state court process.

Ordinarily, a habeas petition must be dismissed without prejudice if any issue has not been exhausted in the state courts. Rose v. Lundy, 102 S.Ct. 1198 (1982). If the court took that approach, or even if it stayed the exhausted claim and allowed Petitioner an opportunity to return to state court and exhaust the other claims as allowed by Rhines v Weber, 125 S.Ct. 1528 (2005), Petitioner would be met with the two-year time limit of La. C. Cr. P. art. 930.8 that applies to Louisiana post-conviction applications.

Such unexhausted and untimely claims are considered to be "technically" exhausted because state relief is no longer available, and the claims are treated as procedurally defaulted. Federal habeas relief may then be granted only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Jones v. Jones, 163 F.3d 285, 296 (5th Cir. 1998). The cause standard requires a petitioner to show that some objective factor external to the defense, such as interference by officials, impeded his efforts to raise the claim timely in state court. Murray v. Carrier, 106 S.Ct. 2639, 2645 (1986). Lack of counsel or ineffective counsel during the post-conviction process cannot constitute cause for defaulting claims such as presented in this case. Elizalde

v. Dretke, 362 F.3d 323, 329-31 (5th Cir. 2004). Prejudice requires a showing that the prisoner was denied fundamental fairness at trial. Murray, 106 S.Ct. at 2648. Finally, the fundamental miscarriage of justice exception applies only when a petitioner shows, as a factual matter, that he is actually innocent: that he did not commit the crime of conviction. Ward v. Cain, 53 F.3d 106, 108 (5th Cir. 1995)

Petitioner has not argued any cause for his failure to timely exhaust his state court remedies. Petitioner was able to timely assert one claim, and there is no indication that anything prevented him from raising his other, similar claims on a timely basis. There is also no claim of actual innocence that would trigger the fundamental miscarriage of justice exception. Petitioner has not been squarely directed to attempt to show cause and prejudice, so he may do so in his objections to this recommendation. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (opportunity to respond to procedural bar in objections satisfied due process). The undersigned sees no factual basis for any such showing, so dismissal is recommended. Petitioner also faces other obstacles, as discussed below.

**State Law Claims**

Neither Petitioner nor the State has provided the court with a copy of Petitioner's post-conviction filings, but the state court's decision and Petitioner's arguments in this court indicate that Petitioner presented an argument that the state courts violated state procedural law. Petitioner argued that the state courts somehow violated their own rules regarding the presentation of an indictment. The other claims he presents in his pro se federal petition appear to also be based on state law, to the extent they are intelligible.

The habeas statute provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011). Accordingly, Petitioner is not entitled to habeas relief even if he is correct on his state law arguments that the state court violated state procedural law.

The same is true of the supplemental issue presented by counsel regarding the lack of a hearing on competency. Counsel argues that La. C. Cr. P. arts 642 and 647 require a contradictory hearing and that the trial judge merely issued a decision based on reports submitted by physicians.[1] Neither Petitioner nor the State cite any pages in the record where there was a hearing or discussion of the competency issue, but a mere violation of state procedural law does not warrant federal habeas relief. Counsel attempts to cast the error as amounting to a violation of the federal Due Process Clause and Confrontation Clause, but there is no indication Petitioner ever presented such federal claims to the state courts, which again presents the obstacles of the exhaustion requirement and procedural bar.

**Timeliness; Incomplete Record**

Petitioner asserts that he filed his post-conviction application at the trial court level

---

[1] Article 647 provides: "The issue of the defendant's mental capacity to proceed shall be determined by the court in a contradictory hearing." But a defendant "may waive a full hearing and submit competency based on the uncontroverted reports of the appointed doctors." State v. Darnell, 988 So.2d 870 (La. App. 2d Cir. 2008).

in August 2010, and he presents a stamped copy of a ruling by the trial court that was dated August 26, 2010. The State, on the other hand, says that the motion was denied November 10, 2011. Petitioner represents that the Supreme Court of Louisiana denied writs with regard to that motion on November 4, 2011, and he attaches a copy of that order. The State contends that the Supreme Court of Louisiana denied a writ application on September 12, 2012. Westlaw reflects both such writ denials.

Perhaps Petitioner pursued two lines of post-conviction relief and mentioned only one to this court, or perhaps one of the parties is mistaken. In any event, without a complete copy of the post-conviction record, which both parties were directed to provide during the course of these proceedings, the court cannot determine with certainty whether the petition is actually timely. The petition has been found lacking for other reasons, so the issue need not be addressed further.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for a writ of habeas corpus be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of January, 2016.

Mark L. Hornsby
U.S. Magistrate Judge